IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAURA C. SPILLER,                :

       Plaintiff,            :  Case No. 3:11cv094

vs.                              :  JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY, :

       Defendant.            :

---

DECISION AND ENTRY REJECTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #15) IN THEIR
ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING
(DOC. #16) SUSTAINED; JUDGMENT TO BE ENTERED IN FAVOR OF
PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, VACATING
COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED
AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL
SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE
DEFENDANT COMMISSIONER, PURSUANT TO SENTENCE FOUR OF
42 U.S.C. § 405 (g), FOR FURTHER PROCEEDINGS CONSISTENT WITH
THIS OPINION; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On July 17, 2012, the United States Magistrate Judge filed a Report and Recommendations (Doc. #15), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be affirmed. Based upon a thorough de novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #8),

and a thorough review of the applicable law, this Court rejects the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor the Plaintiff and against Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. The Plaintiff's Objections to said judicial filing (Doc. #16) are sustained. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is vacated and the captioned cause remanded to the Defendant Commissioner for further proceedings consistent with this opinion.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing

Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to

support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. This Court agrees with Plaintiff that Dr. Kraus's letter of June 2, 2008, which, while stating that she is generally able to function on a satisfactory basis, has made good progress and now much less frequently exhibits the acute symptoms prompting her initial referral, Tr. 306-307, also stated that "[I]n this sense, [Plaintiff's] ability to maintain intention and concentration is markedly affected by her depressive condition, as is her ability to understand, remember and follow instructions, and her ability to withstand the stress and pressures of day-to-day work activity." Id. The letter simply is not clear whether the deficits in these areas are because of her overall depressive condition, exacerbated by her fibromyalgia, or whether these brief periods of acute symptoms are based upon her now ended marriage and the problems of caring for her daughter. In addition, the fact that someone can generally function on a satisfactory basis, while certainly denoting improvement from the condition Dr. Kraus first observed, is no indication that she is employable on a regular basis.

2. Plaintiff complains of severe pain which, apparently, is caused by a diagnosis that no one disputes, to wit: fibromyalgia. The Commissioner's medical

-4-

expert, Hershel Goren, M.D., while a board certified neurologist with training in treating fibromyalgia, eye problems including histoplasmosis, as well as training and practical experience in psychiatry (albeit without board certification), did not examine the Plaintiff nor, apparently, did he have available the complete treatment records from Dr. Kraus for his review. Accordingly, the Administrative Law Judge's discounting of Dr. Kraus's opinion, based upon the instant and preceding paragraphs, supra, is not supported by substantial evidence.

3. Moreover, Dr. Goren, while not disputing that the Plaintiff had fibromyalgia, opined that "the treatment for fibromyalgia is exercise, so if claimant's problem is fibromyalgia, not only should she not be restricted, she should be exercising and should be building up her exercise to the point where she's jogging." Tr. 471. In short, Dr. Goren appears to state that, no matter how painful one's fibromyalgia might be, it can never be disabling, given that one need only exercise to overcome such condition. The Administrative Law Judge's acceptance of Dr. Goren's opinion on Plaintiff's non-disability as the result of fibromyalgia, is not supported by substantial evidence.

4. In addition to the above, it does not appear that any physician has adequately evaluated Plaintiff's entitlement to benefits under the Social Security Act based upon the totality, in combination, of Plaintiff's severe impairments, to wit: ocular histoplasmosis, fibromyalgia, a history of irritable bowel syndrome associated with fibromyalgia, depression; and a history of paranoid personality disorder with borderline features.

5. Having concluded that the Commissioner's decision of non-disability is not supported by substantial evidence, this Court, concludes that all factual issues have not

been resolved and that evidence of the Plaintiff's disability is not overwhelming. Accordingly, the Court remands the captioned cause to the Defendant Administrator, pursuant to Sentence Four of 42 U.S.C. § 402(g), for further administrative proceedings consistent with this opinion, including, but not limited to a consideration of the severe impairments found by the Administrative Law Judge, singly and in combination, to determine whether she is disabled within the meaning of the Social Security Act. Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994). In accomplishing this order of remand, the Administrative Law Judge is encouraged to secure the services of an examining expert certified in mental health issues and in diagnosis and treatment of fibromyalgia.

WHEREFORE, based upon the aforesaid, this Court rejects the Report and Recommendations of the United States Magistrate Judge (Doc. #15) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. Plaintiff's Objections to said judicial filing (Doc. #16) are sustained. Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, vacating the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with this opinion.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 24, 2012

*(signature)*
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record