IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LAURA C. SPILLER, | : | Case No. 3:11-cv-94 |
| Plaintiff, | | District Judge Walter H. Rice |
| | : | Magistrate Judge Michael J. Newman |
| vs. | | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

___

### REPORT AND RECOMMENDATION[1]
___

On September 24, 2012, Judge Rice reversed and remanded this case, under Sentence Four of 42 U.S.C. § 405(g), for further proceedings. Doc. 18. This matter is now back before the Court upon Plaintiff's motion for an award of attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") (doc. 20), the Commissioner's memorandum in opposition (doc. 21), and Plaintiff's reply memorandum (doc. 23).

**I.**

Plaintiff seeks an EAJA fees/costs award of $5,305.00 ($4,955.00 in attorney's fees, and $350.00 in costs). Doc. 20. In support of the motion, Plaintiff's counsel has provided an affidavit attesting to his background and hourly rate (including an itemized statement of services counsel rendered). Doc. 20-1. The Commissioner challenges Plaintiff's requested EAJA fees/costs on two grounds: (1) Plaintiff is not entitled to EAJA fees because the

___

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

government's position was substantially justified; and (2) even if Plaintiff is entitled to EAJA fees, the amount sought is excessive. Doc. 21.

An award of EAJA fees may be made in a Social Security disability action such as the present case. *See Jankovich v. Bowen*, 868 F.2d 867, 869-70 (6th Cir. 1989). To be eligible for an EAJA fee award, four requirements must be satisfied: (1) the claimant is a "prevailing party"; (2) the Government's position was not "substantially justified"; (3) no "special circumstances make an award unjust"; and (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), any fee application -- supported by an itemized statement of services -- is presented to the Court within thirty days of final judgment in the action. *Comm'r, INS v. Jean,* 496 U.S. 154, 158 (1990).

## II.

Here, there is no dispute that three of these four criteria are met. Plaintiff's motion for EAJA fees was timely,[2] *see* 28 U.S.C. § 2412(d)(1)(B), and, by winning a Sentence Four remand, Plaintiff qualifies as the prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). Further, the Commissioner does not assert that any circumstances exist that would make an award unjust. *See* doc. 21. Rather, the Commissioner argues Plaintiff is not entitled to EAJA fees because the Government's position was "substantially justified." *See* doc. 21 at PageID 140-42. "Substantially justified" for EAJA purposes means "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government's position must have a "reasonable basis both in law and fact." *Id.* The fact that two judges reached different conclusions does not necessarily mean that the government's

---

[2] An EAJA fees motion must be filed within 30 days of "final judgment." *See* 28 U.S.C. § 2412(d)(1)(B). "Final judgment" occurs at the end of the 60-day period to file an appeal under Fed. R. App. P. 4(a)(1)(B). *See Shalala*, 509 U.S. at 302-03.

decision was substantially justified. *See id.* at 569. The government has the burden of establishing that its position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 415 (2004).

In light of Judge Rice's findings in his Decision and Entry -- reversing the Commissioner's decision and remanding this case under Sentence Four for further proceedings -- the undersigned finds that the government's position was not substantially justified. *See* doc. 18. As more fully explained in Judge Rice's opinion, the ALJ applied improper legal standards by failing to give appropriate weight to the medical opinion of Plaintiff's treating psychologist, and also by failing to consider the cumulative effects of Plaintiff's impairments. *See* doc. 18 at PageID 115-17. Accordingly, the Commissioner has not met his burden of establishing substantial justification for his position in this case. *Accord Meyers v. Heckler*, 625 F. Supp. 228, 235-36 (S.D. Ohio 1985); *Wallace v. Comm'r of Soc. Sec.*, No. 1:09-cv-382, 2011 U.S. Dist. LEXIS 136118, *3-13, 2011 WL 5913970, at *1-5 (S.D. Ohio Nov. 4, 2011).

## III.

Having decided that Plaintiff is entitled to an EAJA award, the Court will now determine if the requested attorney's fees are reasonable. As a preliminary matter, the Court notes that Plaintiff seeks the statutory hourly rate of $125.00. *See* 28 U.S.C. § 2412(d)(2)(A); doc. 20. The Commissioner does not challenge that hourly rate. *See* doc. 21. Instead, the Commissioner claims the number of hours expended by Plaintiff's counsel is excessive.

The Commissioner's initial argument -- that Plaintiff's counsel unreasonably bills in quarter-hour increments rather than tenth-hour increments -- is unavailing. *See* doc. 21 at PageID 143-44. Rather than setting a blanket prohibition of billing in quarter-hour increments,

the Court finds it more appropriate to examine the reasonableness of the individual time entries. *See Griffin v. Sec'y of Health & Human Servs.*, No. 1:93-cv-1233, 1994 U.S. Dist. LEXIS 13856, at *14, 1994 WL 531534, at *5 (N.D. Ohio Sept. 26, 1994). Further, the Court recognizes that, although some tasks might have taken less than fifteen minutes to complete, there were others that took longer. Accordingly, the Court declines to find the requested attorney's fees unreasonable on that basis. *Accord Karns v. Astrue*, No. 3:10-cv-318, 2012 U.S. Dist. LEXIS 49560, at *9, 2012 WL 1185990, at *4 (S.D. Ohio Apr. 9, 2012) (Ovington, M.J.), *adopted by* 2012 U.S. Dist. LEXIS 59010, at *1, 2012 WL 1463546, at *1 (S.D. Ohio Apr. 27, 2012) (Rose, J.); *Carlisle v. Barnhart*, No. 3:05-cv-238, 2007 U.S. Dist. LEXIS 97025, at *11 (S.D. Ohio Nov. 28, 2007) (Ovington, M.J.), *adopted by* 2008 U.S. Dist. LEXIS 11338, at *1, 2008 WL 420032, at *1 (S.D. Ohio Feb. 14, 2008) (Rice, J.).

Additionally, the Commissioner challenges the legitimacy of several time entries submitted by Plaintiff's counsel on the basis they are non-compensable clerical or secretarial tasks. *See* doc. 21 at PageID 144-45. Purely clerical or secretarial tasks -- *i.e.*, non-legal work -- should not be billed (even at a paralegal rate). *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). The Court agrees that the following time entries are non-billable clerical tasks: .25 attorney hours on February 9, 2011 to mail the Appeals Council notice to another attorney; .50 paralegal hours to download and print the transcript on June 23, 2011; .25 attorney hours to "[e]mail with co-counsel regarding sending her paper copy of transcript to her via Fed Ex" on June 23, 2011; and .25 paralegal hours to send Defendant's opposition memorandum to co-counsel via email on November 7, 2011. *See* doc. 20-1 at PageID 131-32. *Accord Karns*,

4

2012 U.S. Dist. LEXIS 49560, at *8. Therefore, $107.50 should be deducted from Plaintiff's EAJA fee award for .50 hours of attorney time and .75 hours of paralegal time.

Further, the Commissioner objects to seven time entries from August 17, 2011 to August 19, 2011 (1.0 hour of attorney time, and .50 hours of paralegal time) related to a motion for an extension of time.[3] *See* doc. 21 at PageID 145-46. In Plaintiff's reply memorandum, counsel consents to a deduction of these hours. *See* doc. 23 at PageID 156. Accordingly, the attorney's fees hours should be reduced by $155.00 (1.0 hour of attorney time and .50 hours of paralegal time). *Accord Newell v. Astrue*, No. 3:07-cv-412, 2012 U.S. Dist. LEXIS 37654, at *10, 2012 WL 936672, at *4 (S.D. Ohio Mar. 20, 2012) (Ovington, M.J.), *adopted by* 2012 U.S. Dist. LEXIS 49709, at *1, 2012 WL 1185991, at *1 (S.D. Ohio Apr. 9, 2012) (Rice, J.).

Finally, the Commissioner argues that counsel should not be compensated for inefficient litigation practices -- specifically pointing to counsel's numerous entries for "review of file" and for conferring with another attorney. *See* doc. 21 at PageID 146. The Court agrees that counsel's billing records do not reflect efficient litigation. Without establishing a firm, bright line rule, the Court surveyed a large number of EAJA fees/costs petitions recently filed in this District, and found the general range of time expended on these cases is 15-25 hours. *See, e.g.*, *Teel v. Comm'r of Soc. Sec.*, No. 1:10-cv-613, 2012 U.S. Dist. LEXIS 74199, at *17-20, 2012 WL 1940627, at *6 (S.D. Ohio May 29, 2012) (19 hours); *Evans v. Comm'r of Soc. Sec.*, No. 1:10-cv-779, 2012 U.S. Dist. LEXIS 74198, at *12-13, 2012 WL 1940628, at *5

---

[3] The Commissioner points out the following time entries: three entries on August 17, 2011 for emails regarding an extension of time (.75 attorney hours); one entry on August 17, 2011 for preparing the motion for an extension of time (.25 paralegal hours); one entry on August 18, 2011 for filing the motion (.25 paralegal hours); and one entry for reviewing the Order granting the extension on August 19, 2011 (.25 attorney hours). *See* doc. 21 at PageID 145-46.

(S.D. Ohio May 29, 2012) (18.25 hours); *Thomas v. Astrue*, No. 3:07-cv-167, 2012 U.S. Dist. LEXIS 71601, at *11, 2012 WL 1898655, at *4 (S.D. Ohio May 23, 2012) (22.80 hours); *Mitchell v. Astrue*, No. 3:09-cv-276, 2012 U.S. Dist. LEXIS 70160, at *18-19, 2012 WL 1854562, at *7 (S.D. Ohio May 21, 2012) (21.25 hours); *Blackburn v. Astrue*, No. 1:09-cv-943, 2012 U.S. Dist. LEXIS 23419, at *13, 2012 WL 604221, at *5 (S.D. Ohio Feb. 24, 2012) (19.75 hours); *Chappel v. Astrue*, No. 1:09-cv-865, 2011 U.S. Dist. LEXIS 132873, at *16, 2011 WL 5597256, at *6 (S.D. Ohio Oct. 11, 2011) (19 hours); *Walter v. Astrue*, No. 3:10-cv-215, 2011 U.S. Dist. LEXIS 99492, at *8, 2011 WL 3876693, at *3 (S.D. Ohio Aug. 12, 2011) (23.25 hours); *Morgan v. Astrue*, No. 3:10-cv-170, 2011 U.S. Dist. LEXIS 104083, at *8, 2011 WL 4091849, at *3 (S.D. Ohio Aug. 11, 2011) (19.50 hours); *Durrell v. Astrue*, No. 3:09-cv-165, 2011 U.S. Dist. LEXIS 97804, at *8-9, 2011 WL 3862004, at *3 (S.D. Ohio Aug. 11, 2011) (19.25 hours); *Hall v. Astrue*, No. 3:09-cv-391, 2011 U.S. Dist. LEXIS 97803, at *6, 2011 WL 3862008, at *2 (S.D. Ohio Aug. 11, 2011) (23.45 hours). The Court recognizes there are certain cases of advance complexity where 40 hours or more will reasonably be spent in a Social Security disability appeal.[4] However, this is not such a case. To that end, counsel's billable hours should further be reduced by 3.5 attorney hours for the fourteen vague "review of file; dictation of file" time entries and by 2.0 attorney hours for the time entries related to

---

[4] In a recent Report and Recommendation, *Argabright v. Commissioner of Social Security*, No. 3:11-cv-244, 2013 WL 143363, at *3 (S.D. Ohio Jan. 11, 2013), the undersigned recommended granting Plaintiff's EAJA fees/costs petition for 42.25 hours. However, in contrast to this case, the Commissioner there stipulated to an EAJA fees/cost award of $3,500. *See id.*

consulting with another attorney, totaling a $687.50 deduction in attorney's fees.[5] *See* doc. 20-1 at PageID 131-35.

In sum, it is the undersigned's recommendation that Plaintiff's EAJA attorney's fees be reduced in total by $950.00: $107.50 for clerical tasks; $155.00 related to the motion for an extension of time; $437.50 for the "review of file" entries; and $250.00 related to consultation with another attorney. With those deductions, Plaintiff would be entitled to a reduced amount of $4,005.00 in attorney's fees, plus $350.00 in costs, for a total of $4,355.00.

## IV.

For the foregoing reasons, the Court **RECOMMENDS** as follows:

1. Plaintiff's motion for attorney's fees under the Equal Access to Justice Act, (doc. 20), be **GRANTED IN PART AND DENIED IN PART**, and Plaintiff be **AWARDED** $4,355.00 ($4,005.00 in attorney's fees and $350.00 in costs); and

2. This case remain **TERMINATED** upon the Court's docket.

January 29, 2013                                        s/ **Michael J. Newman**
United States Magistrate Judge

---

[5] Further, in light of the high number of billable hours in this case, the Court recommends that Plaintiff's request in his reply brief -- to add $343.75 in attorney's fees to the $4,955.00 amount originally requested in his motion for 2.75 hours spent drafting the reply brief -- be denied. *See* doc. 23 at PageID 157.

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).